1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
9

10 | MATTHEW LEWIS, d/b/a U S FINISH, | CASE NO. C11-1596-RSM

11 | Plaintiff, | ORDER GRANTING PLAINTIFF'S
MOTION FOR REMAND
12 | v.

13 | TULALIP HOUSING LIMITED
PARTNERSHIP #3, a Washington limited
14 | partnership; RAYMOND JAMES
NATIVE AMERICAN HOUSING
15 | OPPORTUNITIES FUND II, L.L.C.,  a
Delaware limited liability company;
16 | MIKE AVILA and PATTI GOBIN,
husband and wife, and the marital
17 | community comprised thereof; CHUCK
JAMES and JANE DOE JAMES, husband
18 | and wife, and the marital community
comprised thereof,
19

20 | Defendant.

## I. INTRODUCTION

21

22     This matter comes before the Court upon Plaintiff's Motion to Remand to State Court and

23 for an Award of Fees and Costs (Dkt. # 7).  For the reasons set forth below, Plaintiff's motion is

GRANTED.

24

# II. DISCUSSION

## A. Background

Plaintiff brought this action in Snohomish County Superior Court on July 1, 2011, naming defendants Mike Alva, Patti Gobin, Chuck James, and Jane Doe James (the "Individual Defendants"), Raymond James Native American Housing Opportunities Fund II, L.L.C. (the "Fund"), and Tulalip Housing Limited Partnership #3 (the "Partnership").  Plaintiff is a citizen of the state of Washington.  The Individual Defendants are enrolled members of the Tulalip Tribes, who live on the Tulalip Reservation, and are also Washington residents.  The Partnership is a Washington limited partnership with its principal place of business in Washington.  The Fund is a Delaware limited liability corporation with its principal place of business in Florida.

On August 31, 2011, the state court granted a motion to dismiss for lack of subject matter jurisdiction filed on behalf of the Individual Defendants and the Partnership.  The non-diverse defendants provided three bases for the motion.  First, they claimed that the tribal court had exclusive jurisdiction over Plaintiff's claims.  Second, they argued that Individual Defendants had sovereign immunity as Plaintiff's claims arose out of the performance of their official duties and, in any event, the state had not assumed jurisdiction over claims against tribal members occurring on tribal lands.  Finally, the defendants contended that Tulalip Tribes was an indispensable party that could not be joined because of sovereign immunity.  The state court granted the motion without indicating the grounds upon which the dismissal was based.[1]

On September 23, 2011, the Fund removed the action to this Court, asserting removal jurisdiction predicated on the complete diversity between the parties and an amount in

---

[1] If the state court indicated the grounds for dismissal in its oral comments, neither party has so notified this Court.

1  controversy exceeding $75,000.  *See* 28 U.S.C. §§ 1446 & 1332.  The removal was filed within

2  thirty days of August 31, 2011, the date upon which the state court issued its oral ruling

3  dismissing the non-diverse defendants from the lawsuit.  *See* 28 U.S.C. 1446(b).  Also pending

4  before the Court is the Fund's motion to dismiss for lack of subject matter jurisdiction pursuant

5  to Fed. R. Civ. P. 12(b)(1).  *See* Dkt. # 15.

6       In its motion to remand, Plaintiff argues that removal is improper under the

7  voluntary/involuntary rule because Plaintiff did not engage in any voluntary act that rendered the

8  case removable.  *See People of State of Cal. By and Through Lungren v. Keating,* 986 F.2d 346,

9  348 (9th Cir. 1993).   Rather, the non-diverse defendants were dismissed, over Plaintiff's

10  objection, when the state court granted the defendants' motion to dismiss for lack of subject

11  matter jurisdiction.  In retort, Defendant argues that a dismissal based on lack of subject matter

12  jurisdiction is not subject to the voluntary/involuntary doctrine or, in the alternative, that the non-

13  diverse defendants were fraudulently joined to defeat federal jurisdiction.

14  **B.  Analysis**

15      1.  <u>Standard</u>

16      "Any civil action brought in a State court of which the district courts of the United States

17  have original jurisdiction, may be removed by the defendant or the defendants, to the district

18  court of the United States for the district … where such action is pending."   28 U.S.C. §

19  1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The Court may remand a case

20  to state court, on motion by either party and at any time before final judgment, when the court

21  finds it lacks subject matter jurisdiction over the claims. 28 U.S.C. § 1447(c).  The "burden of

22  establishing federal jurisdiction is on the party seeking removal, and the removal statute is

23  strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.,* 167 F.3d 1261,

24  1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow*

1   *Chem. Co.,* 443 F.3d 676, 681 (9th Cir. 2006). Any doubt as to the right of removal is resolved in

2   favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

3          Removal based on diversity of citizenship jurisdiction requires establishing the parties'

4   diverse citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332; *Sanchez*

5   *v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).  In addition, under the

6   voluntary/involuntary rule, if a suit could not be filed in federal court at the time of its filing,

7   then it "must 'remain in state court unless *a "voluntary" act of the plaintiff* brings about a

8   change that renders the case removable.' " *Keating,* 986 F.2d at 348 (quoting *Self v. General*

9   *Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) (emphasis added).  An exception to the

10  voluntary/involuntary rule exists where non-diverse defendants have been fraudulently joined for

11  the purpose of defeating diversity jurisdiction.  *Self,* 588 F.2d at 656.  "Fraudulent joinder is a

12  term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the

13  failure is obvious according to the settled rules of the state, the joinder of the resident defendant

14  is fraudulent." *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1389 (9th Cir. 1987); *see also*

15  *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir. 1998).

16      2.  <u>Voluntary/Involuntary Rule</u>

17         Here, the Court agrees with Plaintiff that the voluntary/involuntary rule applies to prevent

18  removal of this action.  Plaintiff's case could not have been brought in federal court because

19  diversity jurisdiction did not exist.  Further, the parties concede that Plaintiff did not seek to

20  dismiss the resident defendants in the action below, and that the dismissal was effected over

21  Plaintiff's objection.  *See* Dkt. # 1, Ex. 9.  Accordingly, the Plaintiff did not engage in any

22  voluntary act that would render the case removable.

23

24

3.  _Insinga_ Exception to Voluntary/Involuntary Rule

The Fund argues that the fact that the resident defendants were dismissed for lack of subject matter jurisdiction renders the voluntary/involuntary rule inapplicable.  The Court disagrees.  In _Insinga v. LaBella,_ the Eleventh Circuit held that the voluntary/involuntary rule did not apply where the non-diverse defendant was dismissed in state court for jurisdictional reasons, rather than on the merits. 845 F.2d 249 (1988).  The Eleventh Circuit's analysis was based on language from _Whitcomb v. Smithson,_ which is widely cited as the case that first announced the voluntary/involuntary rule.  175 U.S. 635 (1900). There, the Supreme Court held that a removal was improper because the plaintiff had not undertaken a voluntary action that rendered the case removable.  _Id._  In doing so, it noted that the dismissal in state court had been "on the merits, and not a ruling on the question of jurisdiction."  175 U.S. at 638.  Based on this language, the _Insinga_ court inferred that the inverse was also true: that where a dismissal was _not_ on the merits, and _was_ a ruling on the question of jurisdiction, the voluntary/involuntary rule did _not_ apply. _Insinga,_ 845 F.2d at 254.

The Ninth Circuit has yet to address whether an exception to the voluntary/involuntary rule ought to exist for jurisdictional dismissals of non-diverse defendants.  _See Keating,_ 986 F.2d at 348 (stating simply that "[t]he rule provides that a suit which, at the time of filing, could not have been brought in federal court must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable.")  However, several district courts outside of the Eleventh Circuit have affirmatively rejected _Insinga. See Arthur v. Du Pont,_ 798 F. Supp. 367, 369 n. 2 (S.D. W.Va. 1992) (collecting cases).  In effect, the _Insinga_ exception expands the fraudulent joinder exception, discussed _infra,_ to include not only those instances in which the plaintiff's failure to state a claim against the non-diverse defendant was obvious at the outset of the lawsuit, but also those instances in which a jurisdictional defect may have been

1    latent or hotly contested.  The Court is hesitant to expand the scope of removal jurisdiction to

2    such a degree where there is no binding precedent supporting such a precedent.  *See Gaus v.*

3    *Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (holding that any doubt as to the right of removal

4    is resolved in favor of remand).  *See also Self,* 588 F.2d at 659 (holding that the policy behind the

5    voluntary/involuntary rule is to allow the plaintiff, through the allegations made in his complaint,

6    to determine the removability of his case throughout the litigation.") Finally, to the extent that

7    *Insinga* is predicated on Supreme Court doctrine, this Court is not persuaded that *Whitcomb*

8    stands for the proposition ascribed to it by the Eleventh Circuit.  The question of whether

9    dismissal of non-diverse defendants could stand as a predicate for removal jurisdiction based on

10   diversity was not before the Court in that matter.  *See Whitcomb,* 175 U.S. at 638.

11      4.   Fraudulent Joinder Exception to Voluntary/Involuntary Rule

12           The Fund argues, in the alternative, that Plaintiff fraudulently joined the Individual

13   Defendants and the Partnership in the state court action to avoid federal jurisdiction.  Fraudulent

14   joinder is a well-settled exception to the voluntary/involuntary rule.  *See Self,* 588 F.2d at 659.

15   Joinder of non-diverse defendants is fraudulent if the plaintiff fails to state a claim against those

16   defendants, and the failure is obvious under settled state law.  *McCabe,* 811 F.2d at 1389.

17           Here, the state court dismissed the Individual Defendants and the Partnership for lack of

18   subject matter jurisdiction, finding (1) that the tribal court had exclusive jurisdiction over the

19   plaintiff's claims, (2) that the Individual Defendants enjoyed sovereign immunity, and/or (3) that

20   the Tulalip Tribes was an indispensable party.  It was not obvious that the state court would

21   reach this conclusion.  The standard for determining whether the tribal court has exclusive

22   jurisdiction over a particular matter is complex and multi-faceted.  *See Montana v. United States*,

23   450 U.S. 544, 101 S.Ct 1245, 67 L.Ed. 493 (1981) (holding that a tribe has jurisdiction over non-

24   members "who enter into a consensual relationship with the tribe or its members" and non-

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 6

member conduct that "threatens or has some direct effect on the political integrity, the economic security, or the health and welfare of the tribe," based on the tribe's "inherent power" to regulate such matters.).  *See also Rodriguez v. Wong*, 119 Wn. App. 636, 640 (2004) (holding that a tribal court's jurisdiction is *exclusive* if it is necessary "to protect tribal self-government or to control internal relations.").  Similarly dismissal based upon sovereign immunity requires specific findings regarding whether individual defendants are tribal officials and whether they were acting as representatives of the tribe during the time period in question.  *See Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479 (9th Cir. 1985).  Finally, the indispensability of a defendant involves many factors which "must be carefully analyzed because the question of whether a party is necessary under CR 19 calls for determinations that are heavily influenced by the facts and circumstances of individual cases." *Burt v. Wash. State Dep't of Corrections,* 168 Wn.2d 828, 842 (2010).  Each of these standards is far too complex and fact-specific for the Court to determine that Plaintiff knew or could have known from the outset that its claims against the non-diverse defendants would be dismissed.  The fraudulent joinder exception does not apply.  Plaintiff's motion to remand is GRANTED.

   5.   <u>Pending Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

       Finally, the Court addresses Defendant's pending motion to dismiss for lack of subject matter jurisdiction (Dkt. # 15).  Federal removal jurisdiction is limited to civil actions "brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441.  The "burden of establishing federal jurisdiction is on the party seeking removal." *Prize Frize, Inc.,* 167 F.3d at 1265.  In this motion, the Fund argues, "this Court lacks subject matter jurisdiction over this matter because *the Tulalip Tribal Court has exclusive jurisdiction*." Dkt. # 15, p. 6 (emphasis added).  The Court is concerned that the Fund, in asserting removal jurisdiction and opposing Plaintiff's motion to remand, claims that this Court has original

1   jurisdiction over Plaintiff's claims (Dkt. ## 1 & 8), yet, in the same breath, the Fund argues that

2   the action should be dismissed for *lack* of subject matter jurisdiction (Dkt. # 15).  This

3   equivocation on the part of the Fund provides the Court with an independent basis for granting

4   Plaintiff's motion to remand.

5       6.   Motion for Fees and Costs

6           "An order remanding the case may require payment of just costs and any actual expenses,

7   including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).   The

8   determination to award costs and fees under § 1447(c) is within the discretion of the district

9   court. *Martin,* 546 U.S. at 139, 126 S.Ct. 704.  However, "[a]bsent unusual circumstances, courts

10  may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

11  reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists,

12  fees should be denied." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005).  Removal is

13  not objectively unreasonable simply because the removing party's arguments lack merit and the

14  removal is ultimately unsuccessful. *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th

15  Cir.2008). Rather, the court should assess "whether the relevant case law clearly foreclosed the

16  defendant's basis of removal" by examining the "clarity of the law at the time of removal." *Id.* at

17  1066; *see also Patel v. Del Taco, Inc.,* 446 F.3d 996, 999–1000 (9th Cir.2006) (suggesting that a

18  frivolous basis for removal justifies an award of fees).

19          Here, the Fund had no objectively reasonable basis for seeking removal.  Plaintiff did not

20  voluntarily dismiss the non-diverse defendants and there was no basis to infer that the defendants

21  had been fraudulently joined in the lawsuit.  There is no binding precedent upholding an

22  exception for dismissals based on jurisdiction, rather than on the merits.  Finally, Defendants

23  have moved to dismiss for lack of subject matter jurisdiction.  Upon remand to state court, the

24  state court shall determine the amount of fees and costs to be imposed.

1

2

### III. CONCLUSION

3    For each of the reasons above, and having considered Plaintiff's motion, the response and

4 reply, all declarations and attachments thereto, and the remainder of the record, the Court hereby

5 finds and ORDERS:

6    (1) Plaintiff's Motion to Remand (Dkt. # 7) is GRANTED.

7    (2) This action is hereby DISMISSED and remanded to state court.  All pending motions are

8        stricken as moot.

9    (3) The Clerk of the Court is directed to forward a copy of this order to all counsel of record.

10    Dated this 9th day of December 2011.

11

12

13

_____

14 RICARDO S. MARTINEZ
     UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24